# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>         Plaintiff, <br><br> vs. <br><br> JOSE GUADALUPE JIMENEZ-BARRIOS, <br>         Defendant, | ) <br> ) <br> ) <br> )    Case No. 21-CR-398-GKF <br> ) <br> ) <br> ) |

## MOTION FOR VARIANCE

**COMES NOW** Jose Guadalupe Jimenez-Barrios, through counsel, Lance B. Phillips and requests this Court consider all of the Title 18 U.S.C. § 3553 (a) factors before sentencing and after such consideration vary downward from the advisory guidelines listed in the Presentence Investigation Report (PSR).

A criminal complaint was filed on August 13, 2021 alleging Mr. Jimenez-Barrios was part of a drug conspiracy. A five (5) Indictment was handed down on September 8, 2021 in which Mr. Jimenez-Barrios was named in all five (5) counts. On August 9, 2022 a single count Information was filed charging Mr. Jimenez-Barrios with a drug conspiracy count in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii). Mr. Jimenez-Barrios entered a guilty plea to this charge on August 11, 2022.

The range of punishment in this case is a minimum of five (5) years and a maximum of forty(40) years, a fine of not more than $5,000,000.00, a $100 special assessment and a term of supervised release of not less than four (4) years.

## Requested Variance

The PSR, dated May 10, 2023, has calculated Mr. Jimenez-Barrios's offense level to

be a 41 with a Criminal History Category of I. This results in an advisory guideline range of 324 to 405 months. Mr. Jimenez-Barrios is requesting a variance downward, to an offense level of 27 with a Criminal History Category of I. This would result in an advisory guideline range of 70 to 87 months. Mr. Jimenez-Barrios would request a sentence of 84 months be imposed.

**Application of §3553(a) factors**

1. *The nature and Circumstances of the offense and the history and characteristics of the Defendant;*

Mr. Jimenez-Barrios is being held accountable for 189 kilograms of methamphetamine seized on August 11, 2021. Although law enforcement alleges this drug conspiracy began sometime in the fall of 2020 all activity mentioned in the PSR relates to the beginning of August 2021. It appears this conspiracy was fairly short lived. It also appears this is the only criminal activity in Mr. Jimenez-Barrios's life. Although his Criminal History Category is I his criminal history score is actually **zero** as he has no prior contact with law enforcement in the twenty (20) years he has lived in the United States and specifically the Tulsa area. Mr. Jimenez-Barrios does not have any mental or physical illness of note and by all accounts does not have any substance abuse issues which need to be dealt with. Until his detention in August of 2021 Mr. Jimenez-Barrios financially and emotionally supported his seven (7) children, ages five (5) to eighteen (18). His main occupation was in residential painting. His lack of criminal history and history of employment should lead the Court to believe Mr. Jimenez-Barrios has a very low degree of dependence upon criminal activity for

a livelihood. He is capable of stable employment. This will obviously be affected by his immigration status if he is deported at the conclusion of any term of imprisonment handed down by this Court.

    2.    *The need for the sentence imposed:*

    *a. to reflect the seriousness of the offense, to promote respect for the law, and to provided just punishment for the offense;*

The requested variance will adequately reflect the seriousness of the offense taking into consideration this is Mr. Jimenez-Barrios first contact with law enforcement. His willingness to accept responsibility by entering a guilty plea shows his respect for the law. The requested sentence will provide just punishment for the offense

    *b. to afford adequate deterrence to criminal conduct:*

Given Mr. Jimenez-Barrios age, thirty-five (35), his close community ties, his father two (2) brothers and all of his children live in the Tulsa area, a sentence of eighty-four (84) months with a strong likelihood of deportation for a first time offender is a very strong deterrence to any further criminal conduct.

    *c. to protect the public from further crimes of the defendant*:

Again, given his lack of criminal history as well as his anticipated deportation it is submitted there is a very low need to protect the public from the possibility of further crimes by Mr. Jimenez-Barrios.

    *d. to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner;*

It is not denied Mr. Jimenez-Barrios could benefit from certain programs offered by the Bureau of Prisons, specifically educational or vocational training. It is submitted he has no need for medical care or substance abuse treatment.

*3. The kinds of sentences available;*

The offense in this case is a Class B felony so Mr. Jimenez-Barrios is ineligible for probation. Because the offense lelve falls within Zone D of the sentencing table any term imposed will only be satisfied by imprisonment.

*4. Any pertinent policy statement;*

There are no pertinent policy statements.

*5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.*

In deciding a proper sentence the Court should consider the risk of recidivism as well the Defendant's prior criminal history, if any. Obviously more weight should be given to an incarceration sentence for a defendant who has had serious violations of the law. §3553 (a)(2)( c) requires the Court to consider "the need for the sentence imposed... to protect the public from further crimes of the defendant.". In determining just punishment for the offenses Mr. Jimenez-Barrios would ask the Court to consider the sentences already handed down to his co-defendants in this case. Humberto Diaz-Rivas plead guilty to the same charge, with a range of punishment of five (5) to forty (40) years, but received a sentence of forty-six (46) months imprisonment. Aleph Zain Farias-Jimenez plead to the same charge and same range of punishment but received forty-eight (48) months imprisonment. Miriam

Araceli Jimenez was originally charged with drug conspiracy but ultimately plead to simple possession of methamphetamine and was sentenced to five (5) years probation. Gerardo Rodales-Morales sentencing is pending but he has plead guilty to the same charge and same range of punishment.

## Conclusion

For the above stated reasons Mr. Jimenez-Barrios respectfully requests the Court vary downward to the requested Offense Level of 27 and sentence him to a term of imprisonment of eighty-four (84) months.

Respectfully Submitted,

*S/ Lance B. Phillips*
LANCE B. PHILLIPS, OBA# 17120
7 S. Mickey Mantle Dr., suite 377
Oklahoma City, OK 73104
(450) 235-5944 Telephone
lancebp2000@yahoo.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF MAILING

I, the undersigned, do hereby certify that a true and correct copy of the above and foregoing instrument was delivered via ECF on the 22nd day of June, 2023 to:
Joel-Lyn McCormick, David Nasar, Spencer Wilson and Reagan Reininger, Assistant United States Attorneys.

*S/ Lance B. Phillips*
LANCE B. PHILLIPS